Alan E. Engle (SBN 224779)
aengle@cbcounselor.com
Benjamin Stolter (SBN 269388)
bsolter@cbcounselor.com
Qian "Charles" Cheng (SBN 332569)
charles.cheng@cbcounselor.com
Cross-Border Counselor, LLP
1115 Seal Way
Seal Beach, CA 90740
Telephone: (310) 428-6985

Attorneys for Defendants, VEVOR STORE LLC and VEVOR TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUCTION INNOVATIONS, INC.; and SARGE HOLDINGS CO., LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VEVOR STORE LLC; and VEVOR TECHNOLOGY LLC,<br><br>Defendants. | CASE NO. 5:26-cv-03247-SSS-ACCV<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: September 18, 2026<br>Time: 2:00 p.m.<br>Ctrm: 2 (Riverside)<br>Judge: Hon. Sunshine S. Sykes<br><br>Complaint Filed: June 12, 2026<br>Response Date (per stip.): Aug. 17, 2026 |

## TABLE OF CONTENTS


Notice of Motion and Motion ........ 1

Memorandum of Points and Authorities ........ 4

I. INTRODUCTION ........ 4

II. FACTUAL AND PROCEDURAL BACKGROUND ........ 5

A. The parties and the asserted marks ........ 5

B. The accused terms as pleaded ........ 6

III. LEGAL STANDARD ........ 7

IV. ARGUMENT ........ 8

A. Every count fails because the Complaint does not plausibly allege a likelihood of confusion ........ 8

B. Classic fair use bars Counts I, III, IV, and X on the face of the Complaint ........ 9

C. Count IV independently fails for lack of a protectable mark ........ 11

D. Count II fails because the Complaint does not allege use of MINI-DUCTOR or any plausible confusion ........ 12

E. Count X fails and is internally defective ........ 12

F. The demand for statutory damages under Section 1117(c) and (d) fails as a matter of law ........ 13

G. In the alternative, the Complaint should be repleaded under Rule 8 or a more definite statement ordered ........ 13

V. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**Cases**

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979)....8, 12
*Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074 (9th Cir. 2020)....13
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).... passim
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).... 4, 7, 9
*Cairns v. Franklin Mint Co.*, 292 F.3d 1139 (9th Cir. 2002)....9
*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025 (9th Cir. 2010)....8
*K&N Eng'g, Inc. v. Bulat*, 510 F.3d 1079 (9th Cir. 2007)....13
*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018)....7
*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004)....9
*Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927 (9th Cir. 2017).... 9, 10, 12
*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996)....13
*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009)....7
*New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302 (9th Cir. 1992)....9
*New W. Corp. v. NYM Co. of Cal.*, 595 F.2d 1194 (9th Cir. 1979)....8
*Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892 (9th Cir. 2013)....7
*Skydiving Sch., Inc. v. GoJump Am., LLC*, No. 24-1822 (9th Cir. Feb. 14, 2025)....4, 10
*Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246 (9th Cir. 2017)....8, 12
*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)....7, 11
*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992)....11
*USPTO v. Booking.com B.V.*, 140 S. Ct. 2298 (2020)....11

**Statutes**

15 U.S.C. § 1114 .......... 6, 12
15 U.S.C. § 1115(a) .......... 9
15 U.S.C. § 1115(b)(4) .......... 9, 12
15 U.S.C. § 1116(d) .......... 13
15 U.S.C. § 1117 .......... 5, 13, 14
15 U.S.C. § 1125(a) .......... 6, 12
15 U.S.C. § 1125(d) .......... 13
15 U.S.C. § 1127 .......... 13

**Rules**

Fed. R. Civ. P. 8(a) .......... 13
Fed. R. Civ. P. 12(b)(6) .......... 4, 7, 10
Fed. R. Civ. P. 12(e) .......... 14
Fed. R. Evid. 201 .......... 7

**Other Authorities**

2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 15:1 (5th ed.) .......... 11

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 18, 2026, at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2 of the George E. Brown, Jr. Federal Building and United States Courthouse, 3470 Twelfth Street, Riverside, California 92501, before the Honorable Sunshine S. Sykes, Defendants Vevor Store LLC and Vevor Technology LLC (collectively, "Vevor") will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Complaint of Plaintiffs Induction Innovations, Inc. and Sarge Holdings Co., LLC (collectively, "Plaintiffs").

This Motion seeks dismissal of all five counts of the Complaint (Counts I, II, III, IV, and X [sic]) and dismissal of Plaintiffs' demand for statutory damages under 15 U.S.C. § 1117(c) and (d). Vevor requests that dismissal be entered with prejudice to the extent amendment would be futile. In the alternative, Vevor moves under Rule 12(e) for a more definite statement.

This Motion is made on the following grounds:

1. All five counts fail to state a claim because the Complaint pleads only conclusory recitals that the accused terms are "confusingly similar, if not identical" and does not allege facts making a likelihood of consumer confusion plausible under *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*.
2. Counts I, III, IV, and X are barred on the face of the Complaint by the classic (statutory) fair-use defense, 15 U.S.C. § 1115(b)(4), because the terms Vevor is alleged to have used, namely "flameless," "flameless heating," "flameless heater," and "inductor," are ordinary words used to describe Vevor's own goods, not as marks.

3. Count IV independently fails because the Complaint does not plausibly allege that the unregistered term "FLAMELESS HEAT" is a protectable mark that has acquired secondary meaning.
4. Count II fails because the Complaint does not allege that Vevor used the registered MINI-DUCTOR mark, does not plead a plausible likelihood of confusion with "Mini Heating" or "Mini Heater," and fails to incorporate the paragraphs alleging ownership and the accused conduct.
5. Count X (false designation of origin) fails for the same reasons, is internally inconsistent, and is duplicative of the infringement counts.
6. Plaintiffs' demand for statutory damages under 15 U.S.C. § 1117(c) and (d) fails as a matter of law because the Complaint pleads neither counterfeiting nor cyberpiracy; and, in the alternative, the Complaint improperly groups the two Defendant entities together and should be repleaded or a more definite statement ordered under Rule 12(e).

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the concurrently filed Request for Judicial Notice; the Complaint and the exhibits attached to it; the pleadings, records, and files in this action; and such further argument and evidence as may be presented at or before the hearing.

Dated: August 17, 2026

Respectfully submitted,

CROSS-BORDER COUNSELOR, LLP

By: */s/ Alan E. Engle*

Alan E. Engle (SBN 224779)
Attorneys for Defendants
VEVOR STORE LLC and VEVOR TECHNOLOGY LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a trademark suit built almost entirely on ordinary descriptive words. Plaintiffs sell induction heaters used in automotive repair. They own several word-mark registrations, including FLAMELESS and INDUCTOR, and they now sue two Vevor entities for using the words "flameless," "flameless heating," "flameless heater," "inductor," "mini heating," and "mini heater" in connection with competing induction-heating products. Those words describe exactly what the products are and do. An induction heater generates heat without a flame, and an inductor is the coil component that produces the induction field. A trademark owner may not use the Lanham Act to remove ordinary descriptive words from the language and forbid competitors from describing their own goods.

The Complaint should be dismissed for two independent reasons. First, it does not plausibly plead the core element required for every Lanham Act claim, a likelihood of consumer confusion. In identical boilerplate repeated in each count, the Complaint alleges only that Vevor's terms are "confusingly similar, if not identical to," Plaintiffs' marks and that Vevor "knew, or should have known" that confusion was likely. It identifies no accused listing, quotes no advertisement, describes no context of use, and alleges no instance of actual confusion. Under *Iqbal* and *Twombly*, those conclusions are not entitled to a presumption of truth.

Second, for the counts resting on descriptive words (Counts I, III, IV, and X), the classic fair-use defense applies from face of the Complaint and its exhibits. The words are descriptive of the goods, and nothing pleaded suggests that Vevor used them as source identifiers rather than to describe its own products. The Ninth Circuit affirmed a Rule 12(b)(6) dismissal on this basis last term in *Skydiving School, Inc. v. GoJump America, LLC*, No. 24-1822 (9th Cir. Feb. 14, 2025). Count II, based on the coined mark MINI-DUCTOR, fails because the Complaint never alleges that

Vevor used MINI-DUCTOR at all, and "Mini Heater" shares with that mark only the descriptive word "mini." Finally, Plaintiffs' demand for statutory damages under Section 1117(c) and (d) should be dismissed because the Complaint pleads neither counterfeiting nor cyberpiracy, the only violations for which those remedies exist.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The parties and the asserted marks.

Plaintiffs allege that they design, manufacture, and sell induction-heating tools for the automotive repair industry. (Compl. ¶¶ 3, 8-9.) They assert four marks (Compl. ¶ 8 & Ex. 3):

> **FLAMELESS** (U.S. Reg. No. 8,223,939), a standard-character mark for "induction heaters used for automotive repair," owned by Sarge Holdings Co., LLC and registered on the Principal Register on April 21, 2026, less than two months before this suit. (Compl., Ex. 3.)

> **MINI-DUCTOR** (U.S. Reg. No. 4,221,532), a standard-character mark for a "hand-held induction power inverter," registered in 2012. (Compl., Ex. 3.)

> **INDUCTOR** (U.S. Reg. No. 7,790,379), a standard-character mark owned by Sarge Holdings Co., LLC and registered on May 13, 2025. The registration certificate recites that it issued under Section 2(f) (not inherently distinctive) and that the owner also holds prior Supplemental Register Reg. No. 2,712,262. (Compl., Ex. 3.)

> **FLAMELESS HEAT** (U.S. Ser. No. 98,696,147), which is not registered and is asserted only as a common-law mark. (Compl. ¶¶ 8, 31-32.)

Two features of these marks appear from the Complaint and its exhibits. First, the INDUCTOR registration issued only under Section 2(f), which rests on a claim

of acquired distinctiveness and presupposes that the term is not inherently distinctive but descriptive. The same certificate reflects that a predecessor form of the mark was earlier accepted onto the Supplemental Register, itself a concession of descriptiveness. (Compl., Ex. 3.) Second, the words at issue carry ordinary meanings that describe the goods: "flameless" means "having or producing no flame," and an "inductor" is the induction coil that is the operative heating component of an induction heater. Those meanings are established by the United States Patent and Trademark Office file histories submitted with Vevor's concurrently filed Request for Judicial Notice. *See* Fed. R. Evid. 201.

**B. The accused terms as pleaded.**

The Complaint alleges that Vevor, a "California-based" competitor, sells competing automotive induction heaters and coil accessories "primarily through [an] online marketplace website," and that Vevor used six terms, namely "Flameless," "Mini Heating," "Mini Heater," "Flameless Heating," "Flameless Heater," and "Inductor" (which the Complaint labels the "Infringing Marks"). (Compl. ¶ 10.) The Complaint does not identify a single accused product by name or listing, does not quote any advertisement, and does not allege how the alleged marks were used to confuse consumers into making unintended purchasing decisions. It alleges no instance of actual confusion. The only concrete allegation bearing on Vevor's knowledge is a February 2021 exchange of correspondence concerning MINI-DUCTOR alone. (Compl. ¶ 11.)

The Complaint pleads five counts, numbered I, II, III, IV, and X (no Counts V through IX): registered-mark infringement under 15 U.S.C. § 1114 as to FLAMELESS (Count I), MINI-DUCTOR (Count II), and INDUCTOR (Count III); infringement of the common-law mark FLAMELESS HEAT under 15 U.S.C. § 1125(a) (Count IV); and "false designation of origin" (Count X). The operative allegations of each count are materially identical: the mark is valid and enforceable;

Vevor used a "confusingly similar, if not identical" term on "identical goods"; Vevor "knew, or should have known" that confusion was likely; and Plaintiffs were damaged. (Compl. ¶¶ 13-43.)

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The court accepts well-pleaded facts as true, but it is "not bound to accept as true a legal conclusion couched as a factual allegation," and it need not accept allegations that are conclusory or that contradict matters properly subject to judicial notice or the complaint's own exhibits. *Id.*; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

On a Rule 12(b)(6) motion the court may consider the allegations of the complaint, documents attached to or incorporated by reference in the complaint, and facts subject to judicial notice under Federal Rule of Evidence 201. A court may take judicial notice of the existence and contents of public records, including the records of the United States Patent and Trademark Office, although not of disputed facts stated within them. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018). A court may also dismiss on an affirmative defense at the pleading stage when the defense "is obvious on the face of the complaint" or is established by judicially noticeable facts. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

## IV. ARGUMENT

### A. Every count fails because the Complaint does not plausibly allege a likelihood of confusion.

Likelihood of confusion is an element common to every Lanham Act claim in the Complaint. "Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical, is there a 'likelihood of confusion?'" *Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1249 (9th Cir. 2017) (quoting *New W. Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir. 1979)). Likelihood of confusion is assessed under the eight *Sleekcraft* factors, which include the strength of the mark, the proximity of the goods, the similarity of the marks, evidence of actual confusion, the marketing channels used, the degree of purchaser care, the defendant's intent, and the likelihood of expansion. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). Those factors are "not a scorecard, a bean-counter, or a checklist," and their relative importance is case-specific. *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1030 (9th Cir. 2010).

The Complaint pleads none of this. In identical language in each count, it alleges only that Vevor's terms are "confusingly similar, if not identical to," Plaintiffs' marks and are used on "identical goods . . . to a common pool of . . . customers in overlapping . . . territories." (Compl. ¶¶ 15, 21, 27, 33, 39-40.) These are "[t]hreadbare recitals of the elements of a cause of action" that *Iqbal* holds insufficient. 556 U.S. at 678. The Complaint alleges no facts about the strength of any mark, offers no comparison of how the words actually appear in the marketplace, and identifies no instance of actual confusion. Its allegations of knowledge are also formulaic: each count recites that Vevor "knew, or should have known" that confusion was likely (Compl. ¶¶ 16, 22, 28, 34), while the only concrete allegation of knowledge concerns MINI-DUCTOR and predates the

FLAMELESS registration by years (¶ 11). Especially where the accused words are ordinary descriptive terms for the goods, a bare assertion that they are "confusingly similar" does not move the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. On this ground alone, all five counts should be dismissed.

**B. Classic fair use bars Counts I, III, IV, and X on the face of the Complaint.**

It is not infringement to use a term "otherwise than as a mark, . . . which is descriptive of and used fairly and in good faith only to describe the goods or services" of the user. 15 U.S.C. § 1115(b)(4). This classic fair-use defense exists to prevent a trademark owner from appropriating an ordinary descriptive word and preventing competitors from accurately describing their own goods, which would deplete the stock of language available to honest sellers. *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 306 (9th Cir. 1992). Classic fair use, in which the defendant uses the term to describe its own product, is distinct from nominative fair use. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150-51 (9th Cir. 2002).

A defendant establishes classic fair use by showing that its use is "(1) other than as a trademark, (2) descriptive of the defendant's goods, and (3) in good faith." *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 935 (9th Cir. 2017). Critically, a defendant raising the defense "does not have the burden to negate any likelihood of consumer confusion." *Id.*; *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118 (2004). Some consumer confusion is compatible with fair use, and a plaintiff that chooses "to identify its product with a mark that uses a well known descriptive phrase" accepts "the risk of some confusion." *KP Permanent*, 543 U.S. at 121-24. Because fair use applies regardless of a mark's validity, Vevor does not challenge the validity of Plaintiffs' registrations on this Motion; the presumption of validity under 15 U.S.C. § 1115(a) does not bear on the fair-use question, and in *KP Permanent* the defense applied even to an incontestable mark.

The words “flameless” and “inductor” are descriptive of the goods: a flameless heater produces heat with no flame, and an inductor is the induction coil that generates the heat. The Complaint confirms as much, describing the parties’ products as “induction heaters” (Compl. ¶¶ 8-10), and the INDUCTOR registration issued only under Section 2(f), a concession that the term is descriptive and not inherently distinctive (Compl., Ex. 3). As pleaded, Vevor used these words to describe its own competing induction heaters and coil accessories, which is the paradigm of descriptive, non-trademark use. And the Complaint pleads no facts supporting bad faith; mere knowledge of a senior mark does not establish bad faith where the use is otherwise descriptive. *Marketquest*, 862 F.3d at 935.

The Ninth Circuit’s recent decision in *Skydiving School, Inc. v. GoJump America, LLC*, No. 24-1822 (9th Cir. Feb. 14, 2025) (unpublished), is directly on poin.[1] Affirming a Rule 12(b)(6) dismissal, the panel held that, “[t]aking [plaintiff]’s allegations as true, the classic fair use defense is apparent on the face of [the] Complaint and exhibits incorporated therein,” because “[e]ach of the alleged infringing uses is purely descriptive of [the defendant]’s service,” “[t]here is no plausible allegation that [the defendant] uses any of the challenged terms or phrases as a trademark,” and there were “only conclusory assertions of bad faith.” *Id.* The court explained that a plaintiff “cannot monopolize the basic name of the service that it and its competitors provide,” and it rejected the notion that dismissal would be prematuire: “To the extent [plaintiff] argues that the classic fair use defense cannot be raised at this stage, that argument lacks merit.” *Id.* The same is true of the “flameless,” “inductor,” and “flameless heat” terms in this case. Counts I, III, IV, and X should be dismissed.

[1] As an unpublished memorandum disposition, *Skydiving School* is persuasive rather than binding and is citable under Fed. R. App. P. 32.1.

**C. Count IV independently fails because the Complaint does not plausibly allege that "FLAMELESS HEAT" is a protectable mark.**

Count IV asserts common-law rights under Section 43(a) in the unregistered term FLAMELESS HEAT. Because that term is not registered, it carries no statutory presumption of validity, and Plaintiffs bear the burden of pleading and proving a valid, protectable mark. A term that is descriptive is protectable only if it has acquired secondary meaning, that is, only if the public has come to understand the term as identifying the source of the goods rather than the goods themselves. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992); *USPTO v. Booking.com B.V.*, 140 S. Ct. 2298, 2303 (2020); 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 15:1 (5th ed.) (a descriptive term without secondary meaning is not protectable).

"Flameless heat" is a plainly descriptive phrase for the output of an induction heater, which produces heat without a combustion flame. The Complaint pleads no facts from which secondary meaning could plausibly be inferred: it offers no allegations of the extent or exclusivity of Plaintiffs' use of the phrase as a mark, no consumer recognition, and no facts distinguishing the phrase from the ordinary description of the goods. To the contrary, the judicially noticeable prosecution record for the FLAMELESS HEAT application shows that the USPTO refused registration as merely descriptive and questioned whether the phrase is generic, and that Plaintiffs themselves use "flameless heat" in their own marketing to describe the induction-heating process. (RJN, Ex. D.) The Court need not, and should not, accept the conclusory assertion that FLAMELESS HEAT is "valid and enforceable" (Compl. ¶ 32) where the pleaded and judicially noticeable facts contradict it. *Sprewell*, 266 F.3d at 988. Count IV should be dismissed.

**D. Count II fails because the Complaint does not allege use of MINI-DUCTOR or any plausible confusion.**

MINI-DUCTOR is a potentially a coined mark, and Vevor does not contend that it is descriptive. This only underscores the defect in Count II: the Complaint never alleges that Vevor used MINI-DUCTOR. It alleges that Vevor used "Mini Heating" and "Mini Heater" (Compl. ¶ 21), terms that share with MINI-DUCTOR only the ordinary word "mini" and are otherwise entirely different in appearance, sound, and meaning. "Mini Heater" tells a buyer that a heater is small; it does not evoke the invented term MINI-DUCTOR. No facts in the Complaint make it plausible that a consumer would confuse the two, and the conclusory label "confusingly similar" cannot supply what the facts do not. *Iqbal*, 556 U.S. at 678; *Sleekcraft*, 599 F.2d at 348-49. To the extent Vevor used "mini" and "heater" to describe a small heater, that descriptive use is independently protected. 15 U.S.C. § 1115(b)(4); *Marketquest*, 862 F.3d at 935.

**E. Count X fails and is internally defective.**

Count X, labeled "false designation of origin," turns on the same likelihood-of-confusion test as the infringement counts, and it fails for the reasons stated in Parts IV.A and IV.B. *Slep-Tone*, 845 F.3d at 1249. It adds nothing but a "bait and switch" label (Compl. ¶ 41) unsupported by any well-pleaded fact. The count is also internally inconsistent: although captioned as a claim for false designation of origin and pleaded "under Section 32 of the Lanham Act," it cites 15 U.S.C. § 1125(a)(1), which is Section 43(a), not Section 32 (Section 32 is codified at 15 U.S.C. § 1114). (Compl. at 9 (heading to Count X).) As pleaded, Count X is duplicative of Count IV's Section 43(a) theory and of the Section 32 infringement counts, and it should be dismissed.

**F. Plaintiffs' demand for statutory damages under Section 1117(c) and (d) fails as a matter of law.**

The Prayer seeks, "alternatively," statutory damages under 15 U.S.C. § 1117(c) and (d). (Compl., Prayer ¶ A.) Those remedies are unavailable on these facts. Section 1117(c) authorizes statutory damages only "[i]n a case involving the use of a counterfeit mark (as defined in section 1116(d))." 15 U.S.C. § 1117(c). A "counterfeit" is "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." *Id.* § 1127; *see Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1078-79 (9th Cir. 2020). Statutory damages under Section 1117(c) are therefore available only for counterfeiting, not for ordinary infringement. *K&N Eng'g, Inc. v. Bulat*, 510 F.3d 1079, 1081-82 (9th Cir. 2007). The Complaint pleads no counterfeiting claim and no facts showing that Vevor used a spurious mark identical to Plaintiffs' registrations; to the contrary, it alleges that Vevor used different, descriptive words.

Section 1117(d) is further afield. It authorizes statutory damages only for cyberpiracy, "in the case of a violation of section 1125(d)(1)," that is, the Anticybersquatting Consumer Protection Act, which concerns the bad-faith registration or use of domain names. 15 U.S.C. § 1117(d). The Complaint asserts no such claim and says nothing about domain names. Because these statutory-damages remedies are unavailable as a matter of law, the demand for them should be dismissed or, in the alternative, stricken.

**G. In the alternative, the Complaint should be repleaded under Rule 8 or a more definite statement ordered.**

Rule 8(a) requires a complaint to give each defendant fair notice of "who is being sued, for what relief, and on what theory." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). The Complaint names two separate entities, Vevor Store LLC and Vevor Technology LLC, alleges only that they are "related" (Compl. ¶ 4), and

then refers to them collectively as "Vevor" in every count without alleging what either entity did. Neither Defendant can tell from the Complaint which products it allegedly sold, which terms it allegedly used, or on what theory it is liable. Should the Court not dismiss on the grounds above, it should require Plaintiffs to replead to differentiate the two Defendants or order a more definite statement under Rule 12(e).

## V. CONCLUSION

For the foregoing reasons, Vevor respectfully requests that the Court dismiss the Complaint in its entirety. Because the deficiencies in Counts I, III, IV, and X arise from Plaintiffs' choice of descriptive words, and no amendment can transform descriptive use into trademark use, those counts should be dismissed with prejudice. At a minimum, Plaintiffs' demand for statutory damages under Section 1117(c) and (d) should be dismissed, and Plaintiffs should be required to replead the remaining allegations with the factual specificity that Rule 8 and *Iqbal* require.

Dated: August 17, 2026

Respectfully submitted,

CROSS-BORDER COUNSELOR, LLP

By: */s/ Alan E. Engle*

Alan E. Engle (SBN 224779)
Attorneys for Defendants
VEVOR STORE LLC and VEVOR TECHNOLOGY LLC