LAW OFFICES OF MARC LIBARLE
Marc Libarle *(CABN: 071678)*
Email: ml7006@gmail.com
1388 Sutter St, Ste 910
San Francisco, CA 94109
Phone: (415) 928-2400

MICHAEL P. MAZZA, LLC
Michael P. Mazza *Pro Hac Vice*
mazza@mazzallc.com (IL Bar No. 6201609)
Paul R. Hale *Pro Hac Vice*
paul@mazzallc.com (IL Bar No. 6320732)
686 Crescent Blvd.
Glen Ellyn, Illinois 60137-4281
Phone: (630) 858-5071
Fax: (630) 282-7123

Attorneys for Plaintiff, Plaintiffs Induction Innovation, Inc., and Sarge Holdings Co., LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INDUCTION INNOVATIONS, INC, SARGE HOLDINGS CO., LLC, | ) | Case No. 5:26-cv-03247-SSS-ACCV |
| PLAINTIFFS, | ) | |
| v. | ) | Hon. Sunshine S. Sykes |
| | ) | **Plaintiffs' Response To Motion To Dismiss** |
| VEVOR STORE LLC, VEVOR TECHNOLOGY LLC, | ) | |
| DEFENDANTS. | ) | To be presented on 9/18/26 at 2 p.m., in CR 2 (Riverside) |

# TABLE OF CONTENTS

*Page(s)*

I. INTRODUCTION…………………………………………………………………...1

II. LEGAL STANDARD FOR MOTIONS TO DISMISS………..……………….2

III. EVIDENCE SUPPORTING A LIKELIHOOD OF CONFUSION WAS PROVIDED IN THE COMPLAINT AS TO EVERY COUNT.....…….3

IV. VEVOR'S INFRINGEMENT OF THE ASSERTED MARKS IS NOT FAIR USE……………………………..7

A. Classic Fair Use Caselaw…………………………………………….…7

B. Vevor's Use Of "Flameless®" Is Not Fair Use….……………………8

C. Vevor's Use Of "Inductor®" Is Not Fair Use…..…………..…………8

V. INDUCTION'S FLAMELESS HEAT™ MARK IS VALID AND ENFORCEABLE……………………..………10

VI. CONCLUSION……..…………………………………………………...11

# TABLE OF AUTHORITIES

**Cases** *Page(s)*

*AMF v. Sleekcraft Boats,*
599 F.2d 341 (9th Cir. 1979)……………………..……………………………...3

*Applied Information Sciences Corp. v. eBay, Inc.,*
511 F.3d 966 (9th Cir. 2007)…………….……………………………………...4

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)…………………………………………………………….2

*Balistreri v. Pacifica Police Dep't.,*
901 F.2d 696 (9th Cir. 1988)………….…………………………………………2

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)……………………………………………………………..2

*Cairns v. Franklin Mint Co.,*
292 F.3d 1139 (9th Cir. 2002)…………..………………………………………7

*Entrepreneur Media, Inc. v. Smith,*
279 F.3d 1135 (9th Cir. 2002)…………………...………………………………3

*Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc.,*
198 F.3d 1143 (9th Cir. 1999)…………………………………………………..10

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.,*
618 F.3d 1025 (9th Cir. 2010)……………..……………………………………..3

*Global Apogee v. Sugarfina, Inc.,*
2018 WL 4945305 (C.D. Cal. Oct. 10, 2018)……………………………………7

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.,*
408 F.3d 596 (9th Cir. 2005)……………………………………………………..7

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
519 F.3d 1025 (9th Cir. 2008)…………………………...………………………3

*McDonald's Corp. v. McBagel's, Inc.*,
649 F.Supp. 1268 (S.D.N.Y. 1986)……………………..……………………………10

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009)…………………………...……………………………2

*Motul S.A. v. USA Wholesale Lubricant, Inc.*,
686 F.Supp.3d 900 (N.D. Cal. Aug. 8, 2023)……………..………………………..3

*Natural Thoughts, Inc. v. Performance Touch, LLC*,
2018 WL 3618315 (S.D. Cal. July 30, 2018)……….………..……………………7

*P and P Imports, LLC v. Johnson Enterprises, LLC*,
46 F.4th 953 (9th Cir. 2022)....……………………………………………………11

*Stone Creek Inc. v. Omnia Italian Design, Inc.*,
875 F.3d 426 (9th Cir. 2017)…………………………….…………………………4

*Vapor Spot, LLC v. Breathe Vape Spot, Inc.*,
2015 WL 12839123 (C.D. Cal. Sept. 15, 2015)..…………………………..…3

*Wendt v. Host Intern., Inc.*,
125 F.3d 806 (9th Cir. 1997)……….……………………………………………….3

**Statutes & Rules**

15 U.S.C. § 1115(b)………………………..……………………………………7

Fed. R. Civ. P. 8(a)(2)………………………..……………………………2

Fed. R. Civ. P. 12(b)(6)…………………………...…..………………………...2

L.R. 7-3……………………………………………………………………...1

L.R. 11-6.2…………………………………………………………………...12

# I. <u>INTRODUCTION</u>

Vevor's Motion is misplaced. Vevor says that Induction pleads only conclusory recitals and does not allege facts making a likelihood of consumer confusion plausible, but as shown below, this is patently incorrect. Instead, Induction not only pleads cognizable legal theories, but also alleges – and provides – facts evidencing a likelihood of confusion.

Induction has been a leader for decades in, and indeed largely created the market for, induction heaters used in the automotive repair market. Induction's marks are heavily advertised. Vevor says it needs to use Induction's trademarks, but the facts belie Vevor's assertions: as shown below, Induction and Vevor competitors have for years had no trouble employing common descriptive verbiage that conveys the same meaning as Induction's marks involved here, without infringing. With the exception of Count II involving Mini-Ductor®, which Induction agrees to withdraw, Vevor's Motion should be denied as meritless.

Also, under L.R. 7-3, Vevor's Motion should be struck, as its counsel failed to contact Induction's counsel to discuss the filing of the present Motion (Dkt 24), which is evidenced by the lack of a L.R. 7-3 declaration with Vevor's Motion (*id.*).

## II. LEGAL STANDARD FOR MOTIONS TO DISMISS

Dismissal under Rule 12(b)(6) is inappropriate where the complaint includes a cognizable legal theory and sufficient facts to support a cognizable legal theory.[1] Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."[2]

A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face."[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[5] For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual

---

[1] *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[6]

## III. EVIDENCE SUPPORTING A LIKELIHOOD OF CONFUSION WAS PROVIDED IN THE COMPLAINT AS TO EVERY COUNT

Contrary to Vevor's suggestion, Induction's Complaint provides cognizable legal theories and corresponding evidence supporting a finding of likelihood of consumer confusion[7] as to each count.[8] An evaluation of the *Sleekcraft* factors supports this assertion. For example, the Complaint (Dkt 1, Pars. 15, 27, 33)

---

[6] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[7] *See Motul S.A. v. USA Wholesale Lubricant, Inc.*, 686 F.Supp.3d 900, 914 (N.D. Cal. Aug. 8, 2023) ("The Ninth Circuit considers eight factors in assessing whether a defendant's use of a mark is likely to confuse customers: '(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines.'"), citing *AMF v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) ("*Sleekcraft*"); *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.*, 618 F.3d 1025, 1030 (9th Cir. 2010) ("*Sleekcraft*'s 'eight-factor analysis is 'pliant,' illustrative rather than exhaustive, and best understood as simply providing helpful guideposts.'"); *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1141 (9th Cir. 2002) ("The ultimate question of likelihood of confusion 'is predominantly factual in nature,' as is each factor within the *Sleekcraft* likelihood of confusion test.") (quoting *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 812 (9th Cir. 1997). Additionally, a plaintiff need not "establish that [every factor] weighs in its favor to show likelihood of confusion." *See Vapor Spot, LLC v. Breathe Vape Spot, Inc.*, 2015 WL 12839123, at *5 (C.D. Cal. Sept. 15, 2015) (internal quotations and citations omitted).

[8] Induction agrees to dismiss Count II regarding alleged infringement of its MINI-DUCTOR® trademark.

demonstrates a likelihood of consumer confusion exists between the accused and asserted marks because the marks:

a) are highly similar or identical;[9]

b) are used on the same type of goods (*i.e.*, in-line induction heaters);[10] and

c) are also widely advertised to U.S. consumers in the automotive repair industry via online advertising.[11]

This evidence all supports a finding of likelihood of consumer confusion (*see* fn. 7). (Notably, Induction's FLAMELESS® and INDUCTOR® marks are Principal Register marks,[12] while the FLAMELESS HEAT™ application is pending on the Principal Register).

The Complaint also elsewhere adequately pleads grounds for a finding of likelihood of confusion:

- *See* Dkt 1, Complaint Par. 10, stating, "Vevor is a *direct competitor* to

---

[9] The evidence attached to the Complaint shows that Vevor is using the accused "Flameless," "Flameless Heater," "Flameless Heating," and "Inductor" marks in connection with in-line heaters used in the automotive industry (*see* Dkt 1, Complaint Exs. 4-5).

[10] *Id.*; *Stone Creek Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 432 (9th Cir. 2017) ("identical marks paired with identical goods can be case-dispositive" in a case involving an "exact replica" of a competitor's logo)).

[11] *See* https://www.theinductor.com/ and online marketplaces (*see* Dkt 1, Complaint Pars. 8-9, and Vevor's website, shown at Dkt 1, Complaint Ex. 4).

[12] *Applied Information Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007) ("Registration of a mark 'on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark on the goods and services specified in the registration.'") (citation omitted).

Induction in the United States induction heater industry, including coil accessories for these products. Vevor advertises its induction heating products used for automotive repair primarily through its *online marketplace website*…" (emphasis added).

- *See* Dkt 1, Complaint Par. 10, stating, "Induction recently observed Vevor's infringement of the Induction Marks through Vevor's use of the "*Flameless*," "*Flameless Heating*," "*Flameless Heater*," and "*Inductor*" marks. (Citing to Vevor's online advertising, as shown at Exs. 4-5 of the Complaint (Dkt 1))." Notably, Vevor is using the identical "Flameless" and "Inductor" marks, and marks that use the root word "Flameless" in conjunction with words that are nearly identical to "Heat" (*i.e.*, "Heating" and "Heater"). Examples of these infringing ads and a Vevor owner's manual that are attached to the Complaint are shown here (emphasis added [arrows and yellow highlight]):









- *See* Dkt 1 Complaint Par. 11, explaining that Induction sent Vevor a cease-and-desist letter regarding the above-described infringement (Dkt 1, Complaint Ex. 8, May 14, 2026, letter), which Vevor did not respond to.
- *See* Dkt 1, Complaint Pars. 8, 14, 26, 32, showing that Induction's asserted marks are strong, as they have been used in the automotive repair industry for decades, in conjunction with significant annual spending on advertising that includes print, online and tradeshow advertising throughout the automotive repair industry. *Id.* at Par. 9.

Accordingly, Vevor is plainly incorrect when it says that Induction has made only "a bare assertion" of confusing similarity that does not move the claims "across the line from conceivable to plausible" (Dkt 24, Motion, 12/17).

## IV. VEVOR'S INFRINGEMENT OF THE ASSERTED MARKS IS NOT FAIR USE

### A. Classic Fair Use Caselaw

"To establish a classic fair use defense, a defendant must prove the following three elements: '1. Defendant's use of the term is not as a trademark or service mark; 2. Defendant uses the term 'fairly and in good faith'; and 3. [Defendant uses the term] '[o]nly to describe' its goods or services.'"[13] The degree of customer confusion is a factor in evaluating whether or not the fair use defense can be applied.[14]

As explained above (Section III), Induction has plead facts that show there is a likelihood of confusion in this case, which should fully resolve the fair use inquiry in Induction's favor for the purposes of this Motion.[15] However, even viewed

---

13 *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1151 (9th Cir. 2002), citing 15 U.S.C. § 1115(b).

14 *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 609 (9th Cir. 2005).

15 *See Natural Thoughts, Inc. v. Performance Touch, LLC*, 2018 WL 3618315, at *4-5 (S.D. Cal. July 30, 2018) (consideration of a classic fair use defense on motion to dismiss found to be premature when likelihood of confusion was adequately plead); *Global Apogee v. Sugarfina, Inc.*, 2018 WL 4945305, at *3 (C.D. Cal. Oct. 10, 2018) (declining to consider classic fair use at the motion to dismiss stage).

independently of likelihood of confusion, examination of Vevor's accused induction heating advertisements shows that Vevor's use of its Accused Marks is not fair use.

**B. Vevor's Use Of "Flameless®" Is Not Fair Use**

Vevor uses "Flameless," "Flameless Heater" and "Flameless Heating" (Dkt 1, Complaint Ex. 4) to describe its induction heaters, and suggests it needs to do so. This is incorrect. Instead, there are a host of ways that Vevor can describe its heaters without using Induction's trademarks. The fact that heat is generated without a flame can be conveyed in many ways. For example, Vevor's own ad also uses the term "No-Flame" to advertise one of its heaters (Dkt 1, Complaint Ex. 4, 42/199). Further, other induction heating competitors in the U.S. marketplace also convey the same meaning without using the FLAMELESS® or FLAMELESS HEAT™ marks (Ex. A, Solary using "No Flame"; Boltbuster using "Heat Induction Tool"; RDO using "Heating Solutions"; Pearson using "No Flame"; and AmannGirrbach using "Noflame Plus.").

**C. Vevor's Use Of "Inductor®" Is Not Fair Use**

Vevor says "… an inductor is the coil component that produces the induction field" (Dkt 24, Motion, at 7/17), and an "inductor" is the "induction coil that generates the heat" (*id.* at 13/17). However, that is *not* what an "inductor" is in common parlance. Instead (from Google, Ex. B): "Inductors, coils, or chokes are electronic components that store energy within a magnetic field as current flows

through it, while also opposing any change in the flow of current. These devices consist of a conductor coiled around a core that could be made of various materials." Further, some examples of "common uses" of an "inductor" are said to be:

- Filtering: Blocking high-frequency noise or signals in power supplies and audio gear;
- Energy storage: Storing power temporarily in DC-DC converters; and
- Tuning: Working with capacitors to catch specific radio frequencies. Ex. C.

*Not one* of these "common uses" of an "inductor" is involved here. INDUCTOR® is not an "ordinary descriptive word" as Vevor suggests. Indeed, that the Trademark Office allowed it on the Principal Register shows otherwise (*see* fn. 12, *infra*). In fact, Induction largely created the market for induction heating of automotive parts decades ago, and its competitors need not use Induction's trademarks, and instead use ordinary descriptive words rather than Induction's registered trademarks. *E.g.*, Ex. D (Ksevens, Elvorion, FaFair and Afklla all use "Induction Heater" rather than "Inductor®").

An Induction competitor has also admitted that the INDUCTOR® mark is valid, enforceable and infringed in a consent judgment order recently entered in the Northern District of Illinois (Ex. E, Dkt 83, Pars. 3-4, Case No. 1:24-cv-01553 (Hon.

LaShonda A. Hunt)). This is further evidence that the INDUCTOR® mark should be presumed valid and not descriptive.[16]

## V. INDUCTION'S FLAMELESS HEAT™ MARK IS VALID AND ENFORCEABLE

As explained above (Section IV.B.), FLAMELESS HEAT™ is not merely descriptive of Induction's induction heating products. Additionally, as shown on the face of Induction's FLAMELESS HEAT™ application (Dkt 1, Complaint Ex. 1, at 22/199), this mark has been in use since 2001. Induction has also plead widespread advertising using its asserted marks, including FLAMELESS HEAT™ (Dkt 1, Complaint Par. 9, referencing Ex. F, Induction declaration confirming that Induction has expended considerable annual advertising as to all of its marks, including FLAMELESS HEAT™). Accordingly, Induction expects it will be able to show secondary meaning, if necessary.[17]

---

[16] *See McDonald's Corp. v. McBagel's, Inc.*, 649 F.Supp. 1268, 1280 (S.D.N.Y. Dec. 10, 1986) (settlement agreements and legal orders cited by court are evidence of distinctiveness of mark).

[17] *Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999) ("Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and *length of use of a mark*; *amount and manner of advertising*; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant.") (emphasis added).

Further, that Vevor copied Induction's FLAMELESS® mark -- when it could have used other descriptive words -- shows secondary meaning.[18]

## VI. CONCLUSION

Induction respectfully requests that the Court deny Defendants' Motion to dismiss other than as to Count II, as to MINI-DUCTOR®, which Induction agrees to dismiss, and allow the case to promptly proceed to discovery.

DATE: August 28, 2026

Respectfully submitted,

s/Marc Libarle/
LAW OFFICES OF
MARC LIBARLE
Marc Libarle *(CABN: 071678)*
Email: ml7006@gmail.com
1388 Sutter St, Ste 910
San Francisco, CA 94109
Phone: (415) 928-2400

MICHAEL P. MAZZA, LLC
Michael P. Mazza *Pro Hac Vice*
mazza@mazzallc.com
(Illinois Bar No. 6201609)
Paul R. Hale *Pro Hac Vice*
(Illinois Bar No. 6320732)
paul@mazzallc.com
686 Crescent Blvd.
Glen Ellyn, Illinois 60137-4281
Phone: (630) 858-5071
Fax: (630) 282-7123

Attorneys for Plaintiffs Induction Innovations, Inc., and Sarge Holdings Co., LLC

---

[18] *P and P Imports, LLC v. Johnson Enterprises, LLC*, 46 F.4th 953, 961 (9th Cir. 2022) (proof of copying strongly supports an inference of secondary meaning).

**L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains under 7000 words, which complies with the word limit of L.R. 11-6.1.

Date: August 28, 2026 s/Paul R. Hale/

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing has been served via ECF electronic mail upon all counsel of record who have consented to such service, on August 28, 2026.

s/Paul R. Hale/