Alan E. Engle (SBN 224779)
aengle@cbcounselor.com
Benjamin Stolter (SBN 269388)
bsolter@cbcounselor.com
Qian "Charles" Cheng (SBN 332569)
charles.cheng@cbcounselor.com
Cross-Border Counselor, LLP
1115 Seal Way
Seal Beach, CA 90740
Telephone: (310) 428-6985

Attorneys for Defendants, VEVOR STORE LLC and VEVOR TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUCTION INNOVATIONS, INC.; and SARGE HOLDINGS CO., LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VEVOR STORE LLC; and VEVOR TECHNOLOGY LLC,<br><br>Defendants. | CASE NO. 5:26-cv-03247-SSS-ACCV<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date: September 18, 2026<br>Time: 2:00 p.m.<br>Ctrm: 2 (Riverside)<br>Judge: Hon. Sunshine S. Sykes<br><br>Complaint Filed: June 12, 2026 |

## I. INTRODUCTION

This case involves allegations of trademark infringement based on the use of common descriptive terms by defendant Vevor entities (collectively, "Vevor") to accurately describe the flameless induction heating products they sell. While plaintiffs have no doubt used the terms, "Flameless," "Flameless Heat," and "Inductor" in association with the sale of their own flameless induction heating products, doing does not give them the right to curb competitors' use in describing their own products. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 122 (U.S., 2004)

The Court should dismiss the challenged claims and the demand for statutory damages. Induction agrees to dismiss Count II and does not address three other grounds raised in the motion. Its remaining arguments rely in part on evidence outside the Complaint and do not resolve the pleading defects. Induction's fair-use argument treats a likelihood of confusion as dispositive, contrary to *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 122 (2004) ("[i]f any confusion results, that is a risk the plaintiff accepted when it decided to identify its product with a mark that uses a well known descriptive phrase" (quoting *Cosmetically Sealed Industries, Inc. v. Chesebrough–Pond's USA Co.*, 125 F.3d 28, 30 (2nd Cir. 1997))).

Vevor acknowledges that counsel mistakenly did not comply with Local Rule 7-3. For the reasons below, Vevor asks the Court to reach the merits or, alternatively, deny the motion without prejudice.

## II. THE COURT SHOULD REACH THE MERITS DESPITE COUNSEL'S FAILURE TO COMPLY WITH LOCAL RULE 7-3.

Vevor's counsel did not confer with Induction's counsel before filing the motion and did not include the required Local Rule 7-3 declaration. Counsel accepts

responsibility for that error, precipitated by return from a two week trip to China two business days before the filing deadline.

Local Rule 7-4 provides that the Court "may decline to consider" a motion that does not satisfy Local Rule 7-3. The Court retains discretion to consider the merits, particularly where the omission caused no prejudice. *See CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) ("Failure to comply with the Local Rules does not automatically require the denial of a party's motion, however, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply."). Induction identifies no prejudice from the omission. It filed a complete opposition on the merits and did not request additional time.

If the Court declines to consider the motion, Vevor requests denial without prejudice, the remedy applied in *Gutierrez v. Wal-Mart Associates, Inc.*, No. 5:25-cv-02268-SSS-SPx (C.D. Cal. Jan. 13, 2026), and *Jones v. Hoot Home Loans LLC*, No. 5:26-cv-00777-SSS-SPx (C.D. Cal. Apr. 14, 2026). That remedy would permit counsel to correct the omission and obtain a decision on the merits. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Counsel will confer with Induction's counsel within seven days of any such order and re-file with the required declaration.

The pleading issues would remain even if the motion were stricken. Rule 12(h)(2) preserves the failure-to-state-a-claim defense, including in a Rule 12(c) judgment on the pleadings motion. Resolving the issues now would avoid another round of briefing on the same grounds.

**III. THE COURT SHOULD EXCLUDE THE MATERIAL SUBMITTED WITH THE OPPOSITION.**

Induction submits Exhibits A through F, including a declaration prepared for another case (Ex. F). These materials are not attached to or incorporated by reference in the Complaint. On a Rule 12(b)(6) motion, "a court may not look

beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 & n.2 (9th Cir. 1998). Facts raised for the first time in an opposition bear on whether to grant leave to amend; they do not amend the existing pleading. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). The Court should exclude the new material.

Induction states that it "expects it will be able to show secondary meaning, if necessary." (Opp. 10.) That expectation does not replace the allegations missing from the Complaint. As discussed below, the exhibits also fail to support several of the propositions for which Induction offers them.

## IV. THE COMPLAINT DOES NOT ALLEGE FACTS MAKING CONFUSION PLAUSIBLE.

Induction relies on paragraphs 10, 15, 27, and 33 of the Complaint and Exhibits 4 and 5. It describes the marks as "highly similar or identical," "used on the same type of goods," and "widely advertised." (Opp. 4.) These general assertions do not explain how Vevor's use would cause consumers to mistake the source of its products. The Complaint identifies some listings in Ex. 4 but the portrayed context for the accused term makes it plain that the products are Vevor's. The terms appear within a lengthy text description following prominent VEVOR trademark on the Vevor.com website. The Complaint also alleges no instance of actual confusion. Without facts indicating potentially infringing use, reference to the *Sleekcraft* factors does not establish a plausible claim.

*Stone Creek* involved significantly different facts. After a bench trial, the Ninth Circuit addressed a mark "at the high end as a fanciful or arbitrary mark" and a defendant that had copied a scanned logo. *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 432 (9th Cir. 2017). Here, Vevor's motion concerns descriptive terms and the absence of allegations showing how they were used in a

manner that could confuse consumers. And even when confusion is possible, trademark law does not permit "anyone to obtain a complete monopoly on use of a descriptive term simply by grabbing it first." *KP Permanent*, 543 U.S. at 122.

## V. THE OPPOSITION DOES NOT DEFEAT CLASSIC FAIR USE.

### A. Alleged confusion does not foreclose fair use.

Induction argues that pleading a likelihood of confusion "should fully resolve the fair use inquiry in Induction's favor for the purposes of this Motion." (Opp. 7.) However, a defendant asserting fair use has no "burden to negate confusion," and "some possibility of consumer confusion must be compatible with fair use." *KP Permanent*, 543 U.S. at 118, 121. Under *Marketquest*, "the degree of consumer confusion is a factor in the fair use analysis, not an element of fair use." *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 936 (9th Cir. 2017). In any event, there is little if any indication of confusion in the Complaint and Exhibits.

With regard to classic fair use, consider the multilingual "Flameless Heating System" manual plaintiff's attach as Exhibit 5 to the Complaint. The accused "Flameless Heating" appears as a part of the descriptive name of the product in English. (Complaint, Ex. 5 at p. 45-46). The descriptive phrase also appears in a number of other languages, indicating it is a description of the product and not a trademark or identifier of source: 1) SYSTEME DE CHAUFFAGE SANS FLAMME (p. 53); 2) FLAMMENLOSES HEIZSYSTEM (p. 61); SISTEMA DI RISCALDAMENTO SENZA FIAMMA (p. 69); SYSTEM GRZEWCZY BEZPLOMIENIOWY (p. 85); VLAMLOOS VERWARMINGSSYSTEEM (p. 93); FLAMLOST VARMESYSTEM (p. 101). One does not need to be multilingual to recognize cognates of "flameless heating" are used descriptively in a panoply different languages, and not the alleged FLAMELESS or FLAMELESS HEATING marks.

The district court decisions Induction cites do not establish a bar to fair use at the pleading stage. *Global Apogee* relies on the statement that "the classic fair use defense is not available if there is a likelihood of consumer confusion," quoting *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1151 (9th Cir. 2002). That proposition is inconsistent with *KP Permanent* and *Marketquest*. *Natural Thoughts* denied dismissal based on specific allegations of bad faith: a rejected offer to purchase the plaintiff followed by acquisition of a competing brand. *Natural Thoughts, Inc. v. Performance Touch, LLC*, 2018 WL 3618315, at *6 (S.D. Cal. July 30, 2018). It also recognized, quoting *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 530 (9th Cir. 2008), that fair use "may be considered on a motion to dismiss . . . when no material facts are in dispute." *Id.* The Ninth Circuit likewise stated: "To the extent [plaintiff] argues that the classic fair use defense cannot be raised at this stage, that argument lacks merit." *Skydiving School, Inc. v. GoJump America, LLC*, 2025 WL 502491, at *2 (9th Cir. Feb. 14, 2025) (not published).

**B. The availability of other descriptions does not preclude classic fair use.**

Induction argues that Vevor could have used different words to describe its heaters. It cites Exhibits A and D, which show competitors using "No Flame," "Noflame Plus," "Heat Induction Tool," and "Induction Heater." (Opp. 8-9.) Classic fair use requires use other than as a trademark, a description of the defendant's goods, and fair use in good faith. *Marketquest*, 862 F.3d at 935. It does not require a defendant to show that no other words were available. Induction's proposed requirement comes from nominative fair use, or use of a mark to identify the plaintiff's own product and requires that the product be "one not readily identifiable without use of the trademark." *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 (9th Cir. 1992). Vevor's defense concerns words used to describe its

own goods. The competitors' descriptions also illustrate the descriptive point: these tools produce heat without a flame.

**C. The Solary consent judgment does not bear on Vevor's defense.**

Induction cites the Solary consent judgment to establish that INDUCTOR is valid and not descriptive. But a consent judgment "is binding only upon those parties consenting thereto." *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 734 (11th Cir. 1984). A particular party's decision to forgo litigation, as many parties do, is not the equivalent of an adjudication of trademark validity and infringement.

The judgment also expressly excludes FLAMELESS and FLAMELESS HEAT. Paragraph 7 states that those marks "are not a part of this settlement" and provides that disputes concerning them would be adjudicated "within the Trademark Office, including any appeals."

## VI. THE COMPLAINT DOES NOT ADEQUATELY ALLEGE SECONDARY MEANING IN FLAMELESS HEAT.

Even if considered, Exhibit F does not establish advertising expenditures for FLAMELESS HEAT. Induction cites it for spending "as to all of its marks, including FLAMELESS HEAT™." (Opp. 10.) The declaration, however, defines "the Induction Marks" as INDUCTOR, MINI-DUCTOR, GLASS BLASTER, FAST-OFF, and CONCENTRATOR. (Ex. F ¶ 2.) It does not include FLAMELESS HEAT. The stated average annual advertising expenditure concerns those five marks and the trade dress. (*Id.* ¶ 4.) The declaration was prepared for the *Solary* action in September 2024, and the filed copy is neither signed nor dated. It thus does not supply the missing support for secondary meaning in this phrase.

## VII. UNOPPOSED GROUNDS FOR DISMISSAL.

Induction does not respond to Vevor's challenge to Count X, which identifies a false designation of origin claim "under Section 32" but cites 15 U.S.C. §

1125(a)(1), Section 43(a). It also does not defend the demand for statutory damages under 15 U.S.C. § 1117(c) and (d), although the Complaint alleges neither counterfeiting nor cyberpiracy. Finally, it does not address the failure to distinguish the conduct of Vevor Store LLC from that of Vevor Technology LLC. The Court should grant the motion on these unopposed grounds for the reasons stated in the opening brief. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). Induction separately agrees to dismiss Count II. (Opp. 3 n.8, 11.)

**CONCLUSION**

Vevor requests dismissal of Counts I, III, IV, and X, dismissal of Count II as agreed, and dismissal of the demand for statutory damages under Section 1117(c) and (d). If the Court declines to consider the motion because of the Local Rule 7-3 omission, Vevor requests denial without prejudice.

Dated: September 4, 2026

CROSS-BORDER COUNSELOR, LLP

By: */s/ Alan E. Engle*

Alan E. Engle (SBN 224779)

Attorneys for Defendants Vevor Store LLC and Vevor Technology LLC